# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

COLETTE LEE-LEWIS, M.D., et al.,

    Plaintiffs,

v.

JOHN KERRY, United States Secretary of State, et al.,

    Defendants.

2:13-CV-80

## ORDER

Neither the International Covenant on Civil and Political Rights ("ICCPR") nor customary international law lets Plaintiffs Colette Lee-Lewis and her husband, Selvin Charles Lewis, challenge the denial of Lee-Lewis's J-1 visa waiver application. Thus, these claims will be **DISMISSED**.

## BACKGROUND

This case's background can be found in the Court's previous order, Lee-Lewis v. Kerry, No. 2:13-CV-80, 2016 WL 6647937 (S.D. Ga. Nov. 8, 2016). The Court allowed Defendants to respond to Plaintiffs' claims under the ICCPR and customary international law. Id. at *4 n.3. The parties have now briefed these claims. Dkt. Nos. 54-55.

**LEGAL STANDARD**

A complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must "contain inferential allegations from which [the court] can identify each of the material elements necessary to sustain a recovery under some viable legal theory." <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 684 (11th Cir. 2001). These "must be enough to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); see also <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

**DISCUSSION**

Plaintiffs' ICCPR and customary international law claims must be dismissed, as neither is based on a valid cause of action. Plaintiffs claim Defendants violated ICCPR Articles 6 and 23 by "expos[ing] the Plaintiffs to a risk of having to return to Montserrat." Dkt. No. 28 ¶¶ 167-72. ICCPR Article 6.1 protects the right to life from arbitrary deprivations, while Article 23.1 recognizes the family as "the natural and fundamental group unit of society." ICCPR arts. 6, 23, Dec. 16, 1966, S. Treaty Doc. No. 95-20, 6 I.L.M. 368, 370, 375 (1967), 999 U.N.T.S. 171 (ratified June 8, 1992). But "[t]reaties affect United States law only if they are self-executing or otherwise given effect by congressional legislation." <u>United</u>

AO 72A
(Rev. 8/82)

States v. Duarte-Acero, 296 F.3d 1277, 1283 (11th Cir. 2002). The ICCPR is neither. Sosa v. Alvarez-Machain, 542 U.S. 692, 735 (2004); Hurtado v. U.S. Att'y Gen., 401 F. App'x 453, 456 (11th Cir. 2010) (per curiam); Duarte-Acero, 296 F.3d at 1283; Ralk v. Lincoln County, 81 F. Supp. 2d 1372, 1380 (S.D. Ga. 2000). "Therefore, the ICCPR is not binding on federal courts," it fails to give Plaintiffs here any applicable, "judicially-enforceable individual rights," and Plaintiffs' claim under it must be dismissed. Duarte-Acero, 296 F.3d at 1283.

Plaintiffs' claim under customary international law also fails. Plaintiffs claim Defendants violated their rights to "life, family life, and unity." Dkt. No. 28 ¶ 175. Customary international law has long been part of American common law, and courts have to construe American law as compatibly with it as possible. Garcia-Mir v. Meese, 788 F.2d 1446, 1453 (11th Cir. 1986). However, it "is controlling only 'where there is no . . . controlling executive or legislative act or judicial decision.'" Id. (quoting The Paquete Habana, 175 U.S. 677, 700 (1900)). Here, there is a controlling legislative act. As this Court has already found, Congress granted Defendants broad discretion to deny J-1 visa waiver applications, and Defendants did not abuse it in denying Lee-Lewis's. Contrast Lee-Lewis, 2016 WL 6647937, at *5-7; Al-Khayyal v. U.S. I.N.S., 818 F.2d 827, 831-32 (11th Cir. 1987) (describing very broad discretion

Congress granted to deny waiver applications) with Garcia-Mir, 788 F.2d at 1454 ("[T]here has been no affirmative legislative grant to the Justice Department to detain the Second Group without hearings because 8 U.S.C.A. § 1227(c) does not expressly authorize indefinite detention."); cf. Galo-Garcia v. I.N.S., 86 F.3d 916, 918 (9th Cir. 1996) (per curiam) ("Because Congress has enacted an extensive legislative scheme for the admission of refugees, customary international law is inapplicable . . . ."); Gisbert v. U.S. Att'y Gen., 988 F.2d 1437, 1448 (5th Cir. 1993), amended on other grounds, 997 F.2d 1122 (5th Cir. 1993) (per curiam) ("[I]n in the context of immigration detention . . . international law is not controlling because federal executive, legislative, and judicial actions supersede [its] application . . . ."). Thus, Plaintiffs' customary international law claim must be dismissed.[1]

## CONCLUSION

For the reasons above, Defendants' Amended Motion to Dismiss Addressing Counts Six and Seven of Plaintiffs' Second Amended Complaint, dkt. no. 54, is hereby **GRANTED**.

---

[1] It does not matter that they only seek a declaratory judgment. See Dkt. No. 55 at 9. The Federal Declaratory Judgment Act does not override Garcia-Mir limits. Cf. I.N.S. v. Chadha, 462 U.S. 919, 957 n.22 (1983) ("Federal courts do not enjoy a roving mandate to correct alleged [abuses] of administrative agencies . . . .").

**SO ORDERED**, this 6th day of February, 2017.

                                          _____
                                          LISA GODBEY WOOD, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT
                                          SOUTHERN DISTRICT OF GEORGIA